IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**GEOFFREY BRUNICK**,

        Petitioner,

v.

**UNITED STATES OF AMERICA**,

        Respondent.

No. 3:11-cv-70024-MO

No. 3:07-cr-00104-MO

OPINION AND ORDER

**MOSMAN, J.**,

        Pro se petitioner Geoffrey Brunick filed a Motion to Vacate, Set Aside or Correct [73] his sentence pursuant to 28 U.S.C. § 2255. The Government filed a Response [91] and petitioner replied [92]. For the following reasons, I deny Mr. Brunick's motion.

## BACKGROUND

        Mr. Brunick was charged in a single count indictment with being an ex-felon in possession of a firearm in violation of 18 U.S.C. § 922(g). He entered a conditional guilty plea and was subsequently sentenced to 70 months' imprisonment. Mr. Brunick appealed his conviction to the

1 – OPINION AND ORDER

Ninth Circuit, arguing that I erred in denying a motion to suppress evidence that he filed several months before accepting his plea agreement. The Ninth Circuit affirmed my denial of the motion in a memorandum disposition.

The arrest stemmed from an incident in which a Beaverton police officer stopped a vehicle wherein Mr. Brunick was a passenger. The police placed the driver of the vehicle under arrest for driving with a revoked license and impounded the vehicle. The officers then asked Mr. Brunick to get out of the car, and when he stepped out, a butterfly knife fell out of his clothes and onto the ground. He was initially arrested for carrying a concealed weapon. The officers subsequently conducted a warrantless search of the car and located three handguns and a silencer in bags belonging to Mr. Brunick. The police eventually towed the driver's car and transported both arrestees to the police department for booking procedures.

Mr. Brunick filed a motion to suppress evidence by claiming that the warrantless search of the car was unlawful. (Mot. to Supp., 07-cr-00104 [25] 3–6). I held oral argument and found that the vehicle search was a valid search incident to arrest or, alternatively, a valid inventory search pursuant to the police officers' impoundment of the vehicle. The Ninth Circuit affirmed my decision on the ground that the officers' search of the car was a valid inventory search.[1]

## DISCUSSION

Petitioner claims that he was denied his constitutional right to effective assistance of counsel because his trial counsel failed to challenge the officers' decision to impound the vehicle as part of the motion to suppress. If his attorney had advanced this argument, petitioner asserts, the motion to suppress would have been granted, the evidence would have been excluded, and he

---

[1] The Ninth Circuit found that the search of the vehicle was not a valid search incident to arrest, noting that *Arizona v. Gant*, 556 U.S. 332 (2009), which was decided while petitioner's case was on appeal, changed the previous analysis under *California v. Acevedo*, 500 U.S. 565 (1991), regarding searches of vehicles incident to arrest. *See U.S. v. Brunick*, 374 F. App'x 714, 715–16 (9th Cir. 2010).

would have insisted on going to trial in lieu of accepting the conditional guilty plea. The Government argues that I should deny petitioner's motion to vacate based on either the applicable statute of limitations or on the merits.

## I. Statute of Limitations

The Government asserts that petitioner's motion should be dismissed because it was not timely filed within the one-year statute of limitations pursuant to 28 U.S.C. § 2255(f). On October 4, 2010, the Supreme Court of the United States entered an order denying petitioner's petition for writ of certiorari. (Notice, 07-cr-00104-MO [72] 1). Mr. Brunick mailed his initial motion to vacate from prison on September 22, 2011, and it was docketed on October 7, 2011.[2] Because petitioner mailed his motion to vacate prior to October 4, 2011, it was timely filed pursuant to 28 U.S.C. § 2255(f)(1). *See U.S. v. Richardson*, CV-F-07-1679-OWW, CR-F-97-5129-OWW, 2007 WL 4239508, at *1 n.1 (E.D. Cal. Nov. 30, 2007) ("Because Petitioner is incarcerated, the mailbox rule requires that the filing date of the Section 2255 motion is the date it was placed in the prison mail system."). Therefore, I will consider the merits of Mr. Brunick's ineffective assistance of counsel claim.

## II. Merits

To demonstrate ineffective assistance of counsel, petitioner must show that counsel's performance was "deficient" and that the deficient performance "prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Because it is not necessary to "address both components of the inquiry if the defendant makes an insufficient showing on one," I "need not determine whether counsel's performance was deficient before examining the prejudice suffered

---

[2] Mr. Brunick did not sign his original motion to vacate as required. I issued an Order to Show Cause [74] on October 24, 2011, advising that he return a signed motion within 21 days or his case would be dismissed with prejudice. Petitioner filed an amended motion to vacate [76] on November 7, 2011.

3 – OPINION AND ORDER

by the defendant as a result of the alleged deficiencies." *Id*. at 697. I find the "prejudiced the defense" component of the inquiry dispositive in this case.

Prejudice exists where there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id*. Under *Strickland*, the burden is "on the petitioner, not the State, to show a 'reasonable probability' that the result would have been different." *Wong v. Belmontes*, 130 S.Ct. 383, 390–391 (2009) (quoting *Strickland*, 466 U.S. at 694).

Specifically, "in order to show prejudice when a suppression issue provides the basis for an ineffectiveness claim, the petitioner must show that he would have prevailed on the suppression motion, and that there is a reasonable probability that the successful motion would have affected the outcome." *Bailey v. Newland*, 263 F.3d 1022, 1029 (9th Cir. 2001) (quoting *Van Tran v. Lindsey*, 212 F.3d 1143, 1156 (9th Cir. 2000)). Petitioner argues that he would have prevailed on his suppression motion if his trial counsel argued that the officers conducted their search before deciding to impound the car, and thus, the search was merely incident to arrest, which the Ninth Circuit, relying on *Gant*, held was not valid in this case.

Once a vehicle has been impounded, it is "undisputed" that "the police may conduct an inventory search." *United States v. Wanless*, 882 F.2d 1459, 1463 (9th Cir. 1989) (citing *South Dakota v. Opperman*, 428 U.S. 364, 369 (1975)). The inventory search "must be carried out in accordance with the standard procedures of the local police department." *Id*. The Beaverton Police Department standard procedures with regard to the impoundment of vehicles establish, pursuant to Or. Rev. Stat. § 809.720, that a police officer who has probable cause to believe that a person who he or she has stopped was driving with a suspended license may order the vehicle impounded.

4 – OPINION AND ORDER

Here, the officers arrested the driver of the vehicle for driving with a revoked license and ordered the vehicle impounded. The officers then returned to the vehicle, indicated to petitioner that the vehicle would be towed, and asked that he exit accordingly. This further complied with the Beaverton Police Department General Order mandating that the subsequent inventory search "occur prior to the vehicle's removal from the place where it is seized, unless exigent circumstances reasonably require that the inspection be delayed." (Gov. Resp. to Def.'s Mot. to Supp. [30] Ex. A, 3). I find no evidence in the record that the impoundment was unlawful or that officers conducted the inventory search before deciding to impound the vehicle.

Petitioner's only proffered support to the contrary is one page from the transcript of the police dispatch recording of the incident, in which an officer, after describing to the dispatcher several of the firearms found in the search, states: "Yeah. I'd like another car over here again if you can. *There's supposed to be somebody here showing up for this car* and I'm not liking what I'm seeing here." (Def.'s Reply [92] Ex. B, 2) (emphasis added). Petitioner alleges that the statement "clearly shows" that the officers had no intention of impounding the car until after they found the firearms. (*Id*. at 4). I disagree. This excerpt merely corroborates the timeline of events detailed above as the officer's statement confirms that the police performed the inventory search here subsequent to lawful impoundment but before the tow truck arrived.

Therefore, even if petitioner's counsel would have highlighted the officers' decision to impound the vehicle, Mr. Brunick would not have prevailed on the suppression motion. Without this showing, petitioner has not satisfied his burden of proving that he suffered prejudice as a result of the alleged deficient performance, and as a result, his ineffective assistance of counsel claim is without merit.

5 – OPINION AND ORDER

## CONCLUSION

Based on the foregoing reasons, petitioner's Motion to Vacate, Set Aside or Correct [73] is DENIED without an evidentiary hearing because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). I decline to issue a certificate of appealability because petitioner has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2255(c)(2).

IT IS SO ORDERED.

DATED this   19th   day of April, 2012.

/s/ Michael W. Mosman        __
MICHAEL W. MOSMAN
United States District Court